IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) )   CIVIL ACTION NO. SA-20-CA-598-FB |
| PAUL R. MONTGOMERY, JR., and MICHAEL D. FISHER, | ) ) ) ) |
| Defendants. | ) |

**FINAL JUDGMENT BY DEFAULT AS TO
DEFENDANTS PAUL R. MONTGOMERY, JR. AND MICHAEL D. FISHER**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "the Commission") filed a Complaint ("Complaint") in this action, Defendants Paul R. Montgomery, Jr. ("Montgomery") and Michael D. Fisher ("Fisher") failed to answer or to otherwise defend itself, and the District Clerk entered defaults against Montgomery and Fisher. Thereafter, the Commission filed a Motion for Final Judgment by Default against Montgomery and Fisher, which the Court granted. Therefore:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Montgomery and Fisher are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of Montgomery's and Fisher's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with each of Montgomery, Fisher, or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Montgomery and Fisher are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each of Montgomery's and Fisher's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with each of Montgomery, Fisher or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Montgomery and Fisher are each permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice

of this Final Judgment by personal service or otherwise: (a) each of Montgomery's and Fisher's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with each of Montgomery, Fisher, or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Montgomery is liable for disgorgement of $640,868, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $118,734.89, and a civil penalty in the amount of $2,891,520 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and that Fisher is liable for disgorgement of $360,611, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $63,977.35, and a civil penalty in the amount of $2,891,520 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Montgomery shall satisfy this obligation by paying $640,868 in disgorgement, plus $118,734.89 in prejudgment interest, plus $2,891,520 in civil penalty for a total amount of $3,651,122.89 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Fisher shall satisfy this obligation by paying $360,611 in disgorgement, plus $63,977.35 in prejudgment interest, plus $2,891,520 in civil penalty for a total amount of $3,316,108.35 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Each of Montgomery and Fisher may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Each of Montgomery and Fisher may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Each of Montgomery and Fisher shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, each of Montgomery and Fisher relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Montgomery or Fisher.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Each of Montgomery and Fisher shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, each of Montgomery and Fisher shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on each of Montgomery's and Fisher's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Montgomery and/or Fisher by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the Complaint are true and admitted by Montgomery and Fisher, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by each of Montgomery and Fisher under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by each of Montgomery and Fisher of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

It is so ORDERED.

SIGNED this 20th day of January, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE